# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2715

ROSA MARIA VALDIVIA-RIOS, MICHEL FRANCISCO RIOJAS-DUENAS, D.F. R.-V., and
XEOMARA HAIDE RIOJAS-VALDIVIA,
Petitioners

v.

ATTORNEY GENERAL, UNITED STATES OF AMERICA

_____

On Petition for Review of the Board of Immigration Appeals
Immigration Judge Nicole Lane, Nos. A243-160-706, -703, -707, -708

Before: BIBAS, CHUNG, and MASCOTT, *Circuit Judges*
Submitted: June 26, 2026; Filed: June 26, 2026

_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Harassment alone is not enough to make someone a refugee. Rosa Maria Valdivia-Rios, her husband, and their adult daughter and teenage son are Peruvians. Their daughter won a regional beauty pageant, becoming a local celebrity. Then, several encounters unsettled the family. First, a man drove by slowly and stared at the daughter. A year later, some men pulled up alongside her and ordered her to get into the car. Plus, a young woman who resembled Valdivia-Rios was murdered just outside the family's house. Valdivia-Rios's mother reported crimes to the police as part of her government job, and the criminals whom she reported sometimes threatened her. So Valdivia-Rios feared she was the intended target. To escape danger, the family entered the United States illegally and

_____

[*]This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

sought asylum, withholding of removal, and protection under the Convention Against Torture.

The immigration judge denied relief, finding no past persecution, no causal link to a protected group, and no reasonable fear of torture or government involvement or acquiescence. The Board of Immigration Appeals affirmed this denial of asylum and withholding on the merits, and found the Convention claim forfeited on appeal. We review the Board's factual findings under the deferential substantial-evidence standard and its legal conclusions de novo. 8 U.S.C. § 1252(b)(4)(B); *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021).

The Board rightly affirmed the denial of asylum and withholding. Valdivia-Rios claimed membership in a particular social group of "Peruvian women and their family at risk of kidnapping and exploitation by criminals." AR 45. But "the persecution cannot be what defines the contours of the group." *Escobar v. Gonzales*, 417 F.3d 363, 367 (3d Cir. 2005). Plus, her proposed group is not socially distinct or "perceived as a group by society." *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 179 (3d Cir. 2020) (internal quotation marks omitted). And there was no proof that group membership caused the harassment. A beauty-pageant winner may be harassed because of her own beauty, and the family of someone who reports criminals may be threatened in retaliation for the reports. Neither case is tied to membership in a group. Besides, the Board properly found that the harassment did not rise to the level of persecution, which requires both pervasiveness and government support or acquiescence.

Finally, Valdivia-Rios failed to exhaust her Convention claim before the Board and does not address it here. So we will DENY her petition for review on her asylum and withholding claims and DISMISS her Convention challenge.